IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANDRE LARONN MENEFEE,

        Plaintiff,

   v.

WASHINGTON COUNTY CIRCUIT COURT;
KEVIN BARTON; and ANDREW FREEMAN,

        Defendants.

Case No. 3:20-cv-01648-AC

ORDER TO DISMISS

MOSMAN, Judge.

    Plaintiff, an adult in custody at the Coffee Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses plaintiff's Complaint.

## **BACKGROUND**

    At the time he filed his Complaint, plaintiff was in custody at the Washington County Jail as a pretrial detainee. In the caption of his Complaint, plaintiff names as defendants "Washington

1 - ORDER TO DISMISS

County Circuit Court; Kevin Barton Esq., and Andrew Freeman, Esq." At pages two and three of the Complaint, plaintiff identifies four defendants: (1) Washington County Circuit Court (All Involved/Judges & D.A.); (2) Kevin Barton, District Attorney; (3) Andrew Freeman, Deputy District Attorney; and (4) Washington County Jail, Sheriff Pat Garrity [sic].

Plaintiff's Complaint is not a model of clarity. He identifies the federal constitutional or statutory rights he claims are being violated by defendants as follows: "Forced Slavery! Kidnapping, held hostage, misrepresentation, misapplication of statutes, crimes against humanity, war crimes." Plaintiff appears to challenge the legality of his confinement at the Jail and the prosecution of crimes against him. By way of remedy, plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

2 - ORDER TO DISMISS

**DISCUSSION**

**I.       Procedural Deficiencies**

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court."  Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).  If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8);  *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").  Plaintiff's Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."  As noted, the defendants identified in the caption of plaintiff's Complaint differ from those identified at page two.  Should plaintiff file an Amended Complaint

curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

## II.     Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]"  Id. (citation omitted).

Prosecutors are absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. *Imbler*, 424 U.S. at 431.  Plaintiffs' complaint appears to involve conduct associated with the judicial phase of the criminal process.  Accordingly, plaintiff's claims against defendants Barton and Freeman are barred by prosecutorial immunity.

In any event, to the extent plaintiff alleges defendant unlawfully held plaintiff in custody, "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, a prisoner may not challenge his custody under § 1983, whether he seeks monetary damages or injunctive release, until that term of custody has been set aside. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated). Such claims "necessarily imply" the invalidity of a conviction. *See*, *e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding that pretrial detainee's claim that he was denied access to a telephone to call his attorney was *Heck*-barred).

Success on plaintiff's claims here would call into question the validity of his confinement at the Washington County Jail. Accordingly, plaintiff's claim must be dismissed.

Finally, plaintiff's claims in this case are largely duplicative of those alleged in his other pending actions. *See, e.g., Menefee v. Washington Co. Jail, et al.*, Case No. 3:20-cv-01499-AC; *Menefee v. Washington Co. Circuit Court, et al.*, Case No. 3:20-cv-01647-AC. Plaintiff has no right to have two multiple cases pending based on the identical facts. *See* <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous claim arising out of the same series of events and alleging the same facts as another pending action); *see also Boag v. McDougall*, 454 U.S. 364, 365 n.1 (1982) (§ 1915(d) gives district court broad discretion to take judicial notice of previously filed civil rights actions); *Hernandez v. Denton*, 861 F.2d 1421, 1425 (9th Cir. 1988),

5 - ORDER TO DISMISS

*rev'd on other grounds*, 112 S.Ct. 369 (1992) (*in forma pauperis* plaintiff has no right to bring repetitive or duplicative claims).

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

Because plaintiff has not established extraordinary circumstances warranting the referral of this case to a member of the *pro bono* panel, the court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 5).

The Court DENIES plaintiff's "Motion for Injunctive Relief to Stop Irreparable Harm" (ECF No. 4) as plaintiff has not established a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

IT IS SO ORDERED.

DATED this  4   day of December, 2020.

*Michael W. Mosman*
Michael W. Mosman
United States Magistrate Judge

6 - ORDER TO DISMISS